UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **JEAN FORD** | § | CIVIL ACTION NO. 1:18-cv-265 |
| **Plaintiff,** | § | |
| **VERSUS** | § | UNASSIGNED DISTRICT JUDGE |
| **UNION PACIFIC RAILROAD COMPANY, ET AL.** | § | |
| **Defendants.** | § | MAG. JOSEPH H.L. PEREZ-MONTES |

**UNION PACIFIC RAILROAD COMPANY AND ROBERT GOMEZ'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND NOTING NON-DIVERSE DEFENDANTS WERE NOT SERVED**

**MAY IT PLEASE THE COURT:**

Defendants, Union Pacific Railroad Company and Robert Gomez, respectfully submit this Supplemental Brief in Opposition to Plaintiff's Motion to Remand Noting Non-Diverse Defendants were Not Served. Union Pacific has argued in its Opposition and at oral argument that the Motion to Remand should be denied because the non-diverse defendants were improperly joined as the only cause of action against them is preempted. This remains true. Additionally, and independent of the improper joinder, the Motion to Remand should be denied because the non-diverse defendants were not served at the time of removal. As recognized by Louisiana federal courts, removal is proper under 28 U.S.C. § 1441 even when one or more named defendants are not diverse, if the non-diverse defendants have not been served at the time of the removal. *Gross v. Old Republic Ins. Co.*, No. 2:17-CV-65, 2017 WL 6460054, at *1 (W.D. La. Dec. 18, 2017); *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 943 (E.D. La. 2017); *Colletti v. Bendix*, No. CV 16-308, 2016 WL 770646, at *2 (E.D. La. Feb. 29, 2016); *Harvey v. Shelter Ins. Co.*, No. CIV.A. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013). Because non-

diverse defendants, Vyron Carter and Kenneth Mallett, were not served as of the time of removal, complete diversity exists, and the matter was properly removed to this Court.

Plaintiff filed her Petition for Damages on January 26, 2018.[1] A citation was issued to Union Pacific on January 29, 2018.[2] Union Pacific was served with the Petition on February 2, 2018. Union Pacific timely filed its Notice of Removal on March 2, 2018, asserting complete diversity.[3] As set forth in the Notice of Removal and shown by the state court record attached thereto, no citation was issued as of the time of removal to any of the individual defendants - Robert Gomez, Kenneth Mallett, and Vyron Carter.[4]

In response to Union Pacific's Notice of Removal, Plaintiff filed a Motion to Remand, arguing complete diversity did not exist because named defendants, Carter and Mallett, are citizens of Louisiana and are properly joined.[5] Union Pacific filed a timely opposition to the Motion for Remand, arguing Mallett and Carter are improperly joined and therefore, do not destroy complete diversity.[6] The Court held oral argument on the Motion to Remand, and the Court has taken the matter under advisement.

28 U.S.C. § 1441(b)(2), known as the "forum defendant rule," prohibits removal on diversity grounds only when "any of the parties in interest properly joined ___and served___ as defendants is a citizen of the State in which such action is brought."[7] Because Carter and Mallett were not served with Plaintiff's Petition for Damages at the time of Union Pacific's removal, complete diversity exists and the forum defendant rule does not prohibit removal, regardless of

---

[1] [R. Doc. No. 1-1], at p. 2.
[2] [R. Doc. No. 1-1], at p. 7.
[3] [R. Doc. No. 1].
[4] [R. Doc. No. 1], at p. 2. [R. Doc. No. 1-1], at p. 6. It remains true that none of these individual defendants have been served with the Petition.
[5] [R. Doc. No. 9].
[6] [R. Doc. No. 12].
[7] 28 U.S.C. § 1441(b)(2) (emphasis added).

whether this Court agrees with Union Pacific's argument set forth in its Opposition to Plaintiff's Motion to Remand that Carter and Mallett are improperly joined.

The Fifth Circuit has not addressed this issue, but Louisiana district courts have time and again adhered to the plain meaning of the statute and allowed removal when the notice of removal is filed before the forum defendant is served. In *Gross v. Old Republic Ins. Co.*, No. 2:17-CV-65, 2017 WL 6460054, at *1 (W.D. La. Dec. 18, 2017), this District Court found no error in the Magistrate Judge's ruling that the forum defendant rule bars removal <u>only</u> if a forum defendant is joined <u>and served</u>.[8]

Because Carter and Mallett were not served at the time of removal of this action, removal is not prohibited by the forum defendant rule, and Plaintiff's Motion to Remand should be denied on that basis alone. Union Pacific maintains that the Motion to Remand should also be denied because the forum defendants are not properly joined because any claim against them is preempted.

---

[8] See also, *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 943 (E.D. La. 2017) ("courts in the Eastern District of Louisiana have roundly rejected Leech's argument that under the current text of the removal statute, the mere presence of a forum state defendant in a lawsuit, whether served or unserved, bars removal by a non-forum defendant."); *Colletti v. Bendix*, No. CV 16-308, 2016 WL 770646, at *2 (E.D. La. Feb. 29, 2016) ; *Harvey v. Shelter Ins. Co*., No. CIV.A. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("The forum defendant rule codified in § 1441(b)(2) plainly provides that a civil action may not be removed if any defendant *that has been joined and served* is a forum defendant. But, here, at the time of removal, Zentner had not been served. The plaintiff is frustrated by this rule and complains that Zentner "has been avoiding service in a forum shopping effort." But the plain language of the statute must prevail over the plaintiff's policy arguments to the contrary. The statutory forum defendant rule simply does not support plaintiff's position.").

       Respectfully submitted,

       **BAKER DONELSON BEARMAN**
       **CALDWELL & BERKOWITZ, PC**

BY:   *Sarah K. Casey*
       William H. Howard, III, T.A. (#7025)
       Alissa J. Allison (#17880)
       Sarah K. Casey (#32385)
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170
       Telephone: (504) 566-5275
       Facsimile: (504) 636-3975
       Email: bhoward@bakerdonelson.com
             aallison@bakerdonelson.com
             skcasey@bakerdonelson.com

       **COUNSEL FOR UNION PACIFIC RAILROAD**
       **COMPANY AND ROBERT GOMEZ**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 10th day of September 2018, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that a copy of the foregoing document and the notice of electronic filing have been sent via e-mail and/or United States mail, first-class, postage prepaid and properly addressed, to the following CM/ECF non-participants: None.

       *Sarah K. Casey*